UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:19-cr-00022-DJC |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| LETICIA TYSHALLE MARIE REED, | |
| Defendant. | |

Defendant has filed a Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33 and a Renewed Motion for Judgment of Acquittal pursuant to Rule 29(c).  For the reasons stated below, both motions are denied.

## BACKGROUND

On January 24, 2019, an indictment was filed against Defendant Leticia Tyshalle Marie Reed charging her with six counts of violating 18 U.S.C. § 287.  (ECF No. 1.) Defendant was accused of making and presenting false claims for payment of tax refunds to the Internal Revenue Service ("IRS").  (*Id*. at 1.)  Beginning on October 16, 2023, the Court held a five-day jury trial of Defendant Reed on these charges.  (*See* ECF No. 106.)

At trial, the Government sought to establish that Defendant had submitted six tax returns that contained inaccurate and fabricated information on behalf of four

individuals. Specifically, the government alleged that Defendant had submitted false claims to the IRS in the preparation and submission of the 2013 and 2014 tax returns for E.S., the 2013 and 2014 tax returns for S.E., the 2013 tax return for L.A., and the 2013 tax return for J.M.

At the close of the Government's case-in-chief, Defendant made a Rule 29 motion and the Court reserved any ruling on that motion. (ECF No. 111.) Following their deliberations, the Jury returned a verdict, finding Defendant Reed guilty on all counts. (ECF No. 116.) Defendant now files a motion for a new trial and renews the motion made at trial, requesting that the Court enter judgment acquitting the Defendant. (Pl's Mot. (ECF No. 129).)

**LEGAL STANDARD**

**I.    Motion for Judgment of Acquittal**

Rule 29 of the Federal Rules of Criminal Procedure provides that the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." A party may make a motion under subsection (a) of Rule 29 after the close of the Government's case-in-chief or at the close of evidence. A motion may be renewed under subsection (c)(1) within 14 days of a guilty verdict, though a prior motion is not required. *See* Fed. R. Crim. P. 29. A Rule 29 Motion for Judgment of Acquittal is reviewed under a "sufficiency-of-evidence" standard which requires that the evidence, when viewed in the light most favorable to the government "allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010). First, the reviewing court must "consider the evidence presented at trial in the light most favorable to the prosecution" and, second, the court must determine "whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).

## II. Motion for a New Trial

Under Federal Rule of Criminal Procedure 33(a), the Court may, on Defendant's motion, "vacate any judgment and grant a new trial if the interest of justice so requires." The power for the Court to grant a new trial is "much broader than its power to grant a motion for judgment of acquittal." *United States v. Kellington*, 217 F.3d 1084, 1095 (9th Cir. 2000). However, a court may grant such a motion only in exceptional cases where "[it] concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred . . . ." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992); *see United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981). In considering such a motion "[t]he district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Kellington*, 217 F.3d at 1095.

## DISCUSSION

Both of Defendant Reed's motions are predicated on the same basis. Specifically, Defendant argues that the Government failed to prove that it was Defendant who submitted the tax returns at issue in the indictment. (Pl's Mot. at 2.) Defendant contends that the Government did not present "direct evidence of [Defendant] sitting in front of the device from which the claim was filed." (*Id.*) Instead, the Government sought to prove Defendant Reed's involvement through "cookies, IP addresses and Ms. Reed's filed tax forms to connect her to the fraudulent claims that were submitted." (*Id.*) Defendant also claims that Tax Hawk, which was used to file the returns in question, had "security issues" that permitted the creation of accounts without email verification. (*Id.*)

Defendant's arguments are insufficient to warrant acquittal under Rule 29 or a new trial under Rule 33. At trial, the Government presented testimony from Defendant's alleged clients whose tax returns were at issue. (10/17/23 Trial Tr. (ECF

No. 126) at 12–53 (testimony of L.A.), 110–159 (testimony of E.S.), 160–190 (testimony of J.M.); 10/18/23 Trial Tr. (ECF No. 126-1) at 4–12 (testimony of J.M. cont.); 10/20/23 Trial Tr. (ECF No. 126-2) at 12–41 (testimony of S.E.).)  Those witnesses testified about their communications and meetings with Defendant in which they discussed Defendant preparing and submitting their tax return(s).  (*See e.g.,* 10/17/23 Trial Tr. at 17–23 (testimony of L.A. about meetings and interactions with Defendant about Defendant preparing L.A.'s tax returns), 116–119 (testimony of E.S. about meetings and interactions with Defendant about Defendant preparing E.S.'s tax returns), 166–170 (testimony of J.M about meetings and interactions with Defendant about Defendant preparing J.M.'s tax returns); 10/20/23 Trial Tr. at 18–20 (testimony of S.E. about meetings and interactions with Defendant about Defendant preparing S.E.'s tax returns).)

The Government also presented evidence that Defendant had submitted the tax returns by providing testimony from Kirk Kimber, General Counsel for TaxHawk, and Oliver France, Store Leader for Apple, Inc. as well as documentary evidence in connection with the testimony of each.  (10/18/23 Trial Tr. at 12-74 (testimony of Kirk Kimber, including discussion of Gov't Ex. 11A, 11B, 11C, 11D, 12A, and 12B), 75-90 (testimony of Oliver France, including discussion of Gov't Ex. 29A, 29B, 29C, 29D, 29E, and 29F).)  Mr. Kimber testified that the tax returns at issue, as well as Defendant's personal tax returns, were submitted to the IRS via TaxHawk's website, FreeTaxUSA.com.  (10/18/23 Trial Tr. at 47–54.)  He further testified that each of these tax returns was submitted from a computer with one of two IP addresses.  (*Id.* at 44:9–18; 54:19–23; *see also* Trial Tr. at 47:15–49:12, 50:3–51:5, 51:15–24, 52:10–16, 52:19–53:15, 53:17–22, 52:9–24)  Mr. France's testimony connected both of these IP addresses to Defendant's "Apple ID" account.  (10/18/23 Trial Tr. at 80:12–81:5, 81:17–20, 83:8–25, 84:17–85:21, 87:2–10.)  Mr. Kimber also testified that the tax returns at issue and Defendant's personal returns had been submitted from one of

two "Machine IDs" which is a number assigned to a specific computer using browser cookies. (*Id.* at 44:9-16; 59:17-60:9; *see* 10/20/23 Trial Tr. at 84:23-85:10.)

To further support that Defendant had personally submitted the tax returns in question, the Government presented testimony from Special Agent ("SA") Kevin Tighe who testified that S.E.'s 2013 and 2014 tax returns as well as E.S.'s 2014 tax return had listed the email "Ltyshalle1976@gmail.com" on the return. (10/20/23 Trial Tr. at 50:7-52:9; 64:17-66:8.) Special Agent Tighe also provided testimony linking Defendant to this email account via the phone number used to register it and the usage of that email address for other accounts records associated with Defendant. (*Id.* at 52:10-60:10; 66:13-68:5.) Special Agent Tighe further testified that Defendant had received a refund on her personal tax returns for 2013 and 2014 that had been deposited into a prepaid debit card which was held by Defendant and had "ltyshalle@aol.com" as an associated email address. (*Id.* at 70:24-74:20.) The "ltyshalle@aol.com" email was also allegedly the recovery email listed for the "Ltyshalle1976@gmail.com" email account. (*Id.* at 70:19-22.) Testimony from Special Agent Tighe, as well as testimony from J.M. and documentary evidence presented by the government, supported that prepaid debit cards were registered using the "ltyshalle@aol.com" email and that those debit cards were used to receive refunds from J.M.'s 2013 tax return (10/17/23 Trial Tr. at 176:10-178:5;10/20/23 Trial Tr. at 74:1-77:4) and L.A.'s 2013 tax return (10/17/23 Trial Tr. at 28:610/20/23 Trial Tr. at 77:12-78:22).

In her motion, Defendant contends that the Government failed to present any testimony that placed her in control of the computer when the returns were submitted. Defendant argues that, as a result, the evidence presented is insufficient to satisfy the first element of each of the charges: that Defendant made or presented a claim to the United States or a department or agency of the United States. (Pl's Mot. at 2;) *see* 18 U.S.C. § 287. Defendant does not contend that the Government failed to prove any other elements of the charges.

Taking the testimony above as true, the Government presented more than sufficient circumstantial evidence that Defendant filed the tax returns at issue. The testimony of multiple witnesses who allegedly spoke with Defendant about preparing their tax returns established that Defendant had agreed to prepare these returns for each of the witnesses. This is further corroborated by the exhibits and testimony of Mr. Kimber and Mr. France, who provide circumstantial evidence that Defendant submitted those returns by establishing that the six tax returns at issue and Defendant's own tax returns were submitted from one of two IP addresses, that Defendant's Apple ID was connected with both of those IP addresses, and that each of the witnesses' tax returns and Defendant's personal tax return were submitted from a device bearing the same Machine ID. The association of Defendant's email addresses with the tax returns in question, both directly and via the registration of prepaid debit cards, also supports that Defendant prepared and submitted these returns. Though these latter points may only be circumstantial evidence that Defendant herself submitted the tax returns, it is well established that there is no difference between direct and circumstantial evidence in the eyes of the jury. *See United States v. Nelson*, 419 F.2d 1237, 1241 (9th Cir. 1969) ("[C]ircumstantial and testimonial evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is to be required of the jury is that it weigh all of the evidence, direct or circumstantial, against the standard of reasonable doubt."). The testimony elicited by Defendant from Mr. Kimber about the lack of email verification procedures used by TaxHawk at that time does not undercut the significant amount of other evidence presented from which a jury could find beyond a reasonable doubt that Defendant was responsible for submitting the tax returns in question.

Viewing this evidence in the light most favorable to the government, a rational trier of fact could find that the Government has proved beyond a reasonable doubt that Defendant herself made or presented false claims to the IRS. *Nevils*, 598 F.3d at

1164.  Accordingly, the Court denies Defendant's Rule 29 Motion for Judgment of Acquittal.

Plaintiff's Motion for a New Trial under Federal Rule of Criminal Procedure 33 also lacks merit.  While the Court has broader power to grant a motion under Rule 33 than under Rule 29 and need not view facts in the light most favorable to the Government, the motion for new trial is only granted in exceptional circumstances where despite the sufficiency of the evidence, the Court finds that "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred . . . ."  *A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d at 1211; *see Pimentel*, 654 F.2d at 545.  The Court finds that this case does not present such exceptional circumstances.  Though Defendant presents motions for a new trial and for acquittal, both are made on the grounds that "the Government failed to prove that she was the person who submitted the claims charged in the indictment." (Pl's Mot. at 2.) The evidence presented at trial was more than sufficient to serve as the basis for a conviction.  The Government presented ample evidence for a rational trier of fact to find Defendant had made or presented false claims to the IRS and the jury's verdict is consistent with that.  Nothing about the evidence presented at trial preponderates against the jury's verdict and the Court has no current indication that a serious miscarriage of justice may have occurred.  As such, the Court denies Defendant's Motion for New Trial.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Defendant's Motion for New Trial and Motion for Judgment of Acquittal (ECF No. 120) is DENIED.

IT IS SO ORDERED.

Dated:  **February 15, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE