UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-00022-DJC |
| Plaintiff, | |
| v. | ORDER |
| LETICIA TYSHALLE MARIE REED, | |
| Defendant. | |

Defendant has filed a Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33 based on the Government's alleged failure to produce *Brady* evidence to the Defendant prior to trial. (ECF No. 164.) For the reasons stated below, Defendant's Motion is denied.

**BACKGROUND**

The facts and history of this case are well known to all parties. Defendant was convicted at trial of six counts of violating 18 U.S.C. § 287. The Court previously denied a Motion for New Trial filed by Defendant. (ECF No. 132.) Defendant has since filed a new Motion for New Trial under Federal Rule of Criminal Procedure 33(a) based on Defendant's claim that the Government failed to turn over *Brady* evidence prior to trial. (Mot. (ECF No. 164).) The Government filed an opposition to

Defendant's Motion (Opp'n (ECF No. 165)) and oral argument was heard on October 3, 2024 (ECF No. 166).

## LEGAL STANDARD

### I. Motion for a New Trial

Under Federal Rule of Criminal Procedure 33(a), the Court may, on Defendant's motion, "vacate any judgment and grant a new trial if the interest of justice so requires." The power for the Court to grant a new trial is "much broader than its power to grant a motion for judgment of acquittal." *United States v. Kellington*, 217 F.3d 1084, 1095 (9th Cir. 2000). However, a court may grant such a motion only in exceptional cases where "[it] concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred . . . ." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992); *see United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981). In considering such a motion "[t]he district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Kellington*, 217 F.3d at 1095.

## DISCUSSION

Defendant's Motion is based on the alleged failure to disclose the 2023 statements of Angelnita Jenkins to Defendant prior to trial. Defendant claims that these statements were material favorable evidence and that failure to disclose them constituted a violation of the Government's duty to disclose such evidence under *United States v. Brady*, 373 U.S. 83 (1963). *See United States v. Kyles*, 514 U.S. 419, 438 (1995). If the Government failed to provide *Brady* evidence prior to trial, a new trial is warranted. *Kyles*, 514 U.S. at 421–22.

There are three elements of a *Brady* violation: "(1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or

inadvertently; and (3) prejudice must have ensued." *United States v. Kohring*, 637 F.3d 895, 901 (9th Cir. 2011) (internal quotation marks and citations removed). The Government does not dispute that Jenkins' 2023 statement was not provided to Defense Counsel. (Opp'n at 9.)[1] Thus, the Court need only examine the first and third elements.

## I. Evidence Favorable to the Accused

### A. Content of the Angelnita Jenkins' Two Statements

Defendant claims that the Government failed to provide the report from an interview that investigators conducted with Angelnita Jenkins in September 2023 as part of trial preparations. Jenkins was previously interviewed in 2015 and a report from that interview was provided to Defense Counsel. Both reports summarize Jenkins' statements during the two interviews. Defendant claims that in her 2023 statement, Jenkins provided substantially different information that she previously provided to investigators in 2015. To determine if the evidence is favorable, the Court must first examine the relevant portions of the two statements made by Jenkins.

In 2015, Jenkins stated that she "knows that [Cherokee] Grandison[2] is involved in a tax refund fraud scheme with her sister, Laticia Reed . . . using the false business name of Reeds Foundation . . . ." (2015 Statement (ECF No. 156-2) ¶ 2.) Jenkins further stated that "Grandison and Reed have been filing false tax returns for five or more years, and they think that if they file returns not claiming too much money they won't throw up too many red flags." (*Id.*)

In Jenkins' statements in 2023, Jenkins denied having any personal knowledge of the Defendant and Grandison's activities. Instead, Jenkins indicated that she had been told by a third-party about Defendant and Grandison's tax fraud scheme. (2023

---

[1] The Government's states that "[u]pon receipt of the report from the IRS-CI special agent, prosecutors disclosed the report to defense." (Opp'n at 9.) At oral argument, the Government agreed that this information was not disclosed before trial. Whether or not the failure to disclose was inadvertent is irrelevant to this analysis. *See Kohring*, 637 F.3d at 901.

[2] Grandison is not a Defendant in this case. In both statements made by Jenkins, she attributes the tax fraud scheme jointly to Grandison and Reed.

3

Statement (ECF No. 156-1) ¶¶ 8, 12.)  Jenkins also stated she had not ever met Defendant (*id.* ¶ 12) and did not recognize Defendant when shown her picture (*id.* ¶ 18).

### B. Is the 2023 Statement Favorable to the Accused?

Jenkins' 2023 statement clearly satisfies the first element of a *Brady* violation.  "*Any* evidence that would tend to call the government's case into doubt is favorable for *Brady* purposes."  *Milke v. Ryan*, 711 F.3d 998, 1012 (9th Cir. 2013) (emphasis added).  Thus, in determining whether evidence is favorable, the Court does not assess the weight the evidence, only whether the evidence is at least minimally favorable.  *Comstock v. Humphries*, 786 F.3d 701, 708 (9th Cir. 2015) ("Although the weight of the evidence bears on whether its suppression was prejudicial, evidence is favorable to a defendant even if its value is only minimal." (citations omitted)).

Here, Jenkins' 2023 statements represent a departure from her initial 2015 statements.  In her 2023 statements, Jenkins denies personal knowledge of Defendants and Grandison's alleged activities, states that she only had information about the fraud scheme via statements by third parties, states she has not met the Defendant, and cannot identify Defendant in a photo.  While Jenkins was not called as a witness at trial, the Government readily admits that it was Jenkins' 2015 statement to investigators that first triggered an investigation into the Defendant's activities.  (Opp'n at 8.)  The original 2015 statement was also provided to Defendant.  (*Id.*)

To summarize, a witness affirmatively represented that she was aware of Defendant's involvement in a criminal scheme.  That information was the impetus for an investigation that led to Defendant's ultimate conviction and the statement was disclosed to Defendant.  That witnesses later denied any personal knowledge.

This is plainly advantageous to the Defendant, even if minimally so.  *See Banks v. Dretke*, 540 U.S. 668, 671 (2004); *see Comstock*, 786 F.3d at 708.  The ultimate impact of these statements is not a part of the Court's inquiry at this stage.  It is sufficient that this information is minimally favorable given that it undermines the

previously provided prior statements of a witness who incited the investigation of Defendant.

## II.     Materiality

For the third element of the *Brady* violation analysis, the Court must determine whether the suppression of exculpatory evidence was prejudicial. Courts also refer to this as a requirement that the evidence be material. *Kohring*, 637 F.3d at 901 n.1. Evidence is material within the meaning of *Brady* "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). A "reasonable probability" of prejudice occurs "when suppression of evidence 'undermines confidence in the outcome of the trial.'" *Kohring*, 637 F.3d at 902 (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). "[A] 'reasonable probability' may be found 'even where the remaining evidence would have been sufficient to convict the defendant.'" *Id.*

Here, Defendant has not established that the evidence was material. Jenkins did not testify at trial. Jenkins' 2015 and 2023 statements were not presented to the jury in any form. Defendant was convicted by the jury based on the evidence presented. Notably, Jenkins 2023 statements do not repudiate Defendant's involvement in the tax fraud scheme and does not controvert any of the evidence presented at trial.

In her motion, Defendant claims that "Jenkins' 2023 statement also much more directly implicated Grandison[,]" (Mot. at 4) but this is not the case. The difference between the 2015 and 2023 statements is simply Jenkins' level of knowledge of the scheme and Defendant. Both statements attribute the scheme to both Defendant and Grandison and no additional weight is placed on Grandison's involvement in Jenkins' 2023 statements.

Defendant also argues that if she had been aware of the later statements, she would have called Jenkins as a witness "to present Grandison's involvement to the

jury . . . ." (Mot. at 7.)  But given that the major change in Jenkins' 2023 statements is the denial of any personal knowledge of the scheme and admitting that her information came from hearsay statements by a third party, it is not clear that Jenkins could testify about anything related to the fraud scheme at trial.  Jenkins also previously indicated both Defendant's and Grandison's involvement in her 2015 statements.  The 2023 statements did not provide new information in this regard.  Thus, it does not appear that Jenkins' 2023 statements provided new information about Grandison's involvement, and it does not appear Jenkins could be utilized at trial to present this information to the jury.

During oral argument, Defendant focused on the inability to conduct further investigations based on Jenkins' later statements.  This argument was also raised in Defendant's motion (*see* Mot. at 5-6) but at no time has Defendant identified what further investigative steps would have been warranted or could have been taken based on Jenkins' statements.  While the effect on defense investigations could weigh toward the evidence being material, Defendant's argument on this basis is entirely theoretical.  Defendant cannot establish materiality by simply invoking the potential effect of a failure to disclose evidence on defense investigations and the entirely speculatively assertion that an investigation could relevant admissible evidence.  *See United States v. Morales*, 680 Fed. Appx. 548, 552 (9th Cir. 2017).

## CONCLUSION

Defendant has not established that the failure to disclose Jenkins' 2023 statements was prejudicial in any way to Defendant.  As such, the three elements of a *Brady* violation have not been met.  *Kohring*, 637 F.3d at 901.  Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for New Trial (ECF No. 164) is DENIED.

Dated:  October 21, 2024

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE